**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Anthony McDonald,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV10-01513-PHX-DGC<br><br>**ORDER** |

      Charles Anthony McDonald petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 3. On October 24, 2011, Magistrate Judge Lawrence O. Anderson issued a report and recommendation ("R&R") that the petition be denied. Doc. 16. Petitioner has filed an objection to the R&R. Doc. 22. For the reasons that follow, the Court will accept the R&R and deny the petition.

**I.    Background.**

      On January 29, 2004, Petitioner Charles Anthony McDonald was indicted in Maricopa County Superior Court for burglary in the second degree and possession of burglary tools. CR2004-006704. The State amended the indictment to allege 23 prior felony convictions, commission of the offenses while released from confinement, and aggravating circumstances other than the prior convictions. Doc. 12-1, at 4, 5, 13 (Resp. Ex. A, at 14, 15, 44). Following a mistrial on December 8, 2004, a second trial commenced on December 9, 2004. Petitioner was convicted, and on March 2, 2005, the trial court sentenced him to an aggravated 20-year term of imprisonment on the second-degree burglary conviction and an aggravated concurrent 4.5-year term on the possession

for burglary tools conviction. Doc. 12-1, at 51 (Resp. Ex. B, at 126). The Arizona Court of Appeals upheld Petitioner's convictions and sentences on direct appeal. Doc. 12-1, at 95 (Resp. Ex. E). Petitioner filed a motion for reconsideration, which the Court of Appeals denied. Doc. 12-1, at 107, 119 (Resp. Ex. F, G). The Arizona Supreme Court denied the petition for review. Doc. 12-1, at 122, 135 (Resp. Ex. H, I).

Following an evidentiary hearing on the issue of counsel's alleged failure to adequately advise Petitioner of the strengths and weaknesses associated with a plea offer (Doc. 12-1, at 54), the trial court denied a petition for post-conviction relief. The Arizona Court of Appeals and Arizona Supreme Court summarily denied review. Doc. 12-3, at 53, 72, 74, 89 (Resp. Ex. O, P, Q, R).

In July 2010, Petitioner filed a timely petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Doc. 3. Petitioner raised eight grounds for relief. The Court dismissed Ground Eight for failure to state a federal habeas claim and ordered Respondents to answer Grounds One through Seven. Doc. 4, at 3. Respondents filed an answer (Doc. 12) and Petitioner filed a reply (Docs. 13, 14). Judge Anderson issued an R&R recommending that the petition be denied and that a certificate of appealability ("COA") and leave to proceed *in forma pauperis* on appeal be denied because Petitioner had not made a substantial showing of the denial of a constitutional right. Doc. 16, at 42. Petitioner has filed an objection on Grounds One, Four, Five, and Seven. Doc. 22.

**II.  Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Under the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), the Court may not grant habeas relief unless it concludes that the state's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)-(2).

**III.    Discussion.**

**A.    Right to Self-Representation.**

Petitioner argues in Ground One that he was denied the right to represent himself at trial in violation of his right to due process under the Fifth and Fourteenth Amendments.  Doc. 3, at 7.  Petitioner has an "independent constitutional right" to represent himself at trial.  *Feretta v. California*, 422 U.S. 806, 806 (1975).  A defendant must "knowingly and intelligently" forgo the right to counsel by being made "aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'"  *Id.* at 835 (citations omitted).  A defendant's request for self-representation must also be unequivocal, timely, and not for purposes of delay.  *Id.*; *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004).  The Ninth Circuit has set forth three factors to determine whether a request for self-representation is unequivocal: the timing of the request, the manner in which the request was made, and whether the defendant repeatedly made the request.  *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007).

On June 30, 2004, Petitioner filed a motion to proceed in *propria persona*.  Doc. 12-1, at 8 (Resp. Ex. A, at 35).  His trial had been continued twice to July 20, 2004.  Doc. 12-1, at 20, 22 (Resp. Ex. B, at 28, 31).  On July 9, 2004, the trial court heard oral argument on Petitioner's motion.  Doc. 12-1, at 23 (Resp. Ex. B, at 33).  At the hearing, Petitioner informed the court that he lacked confidence in trial counsel, wanted the assistance of advisory counsel, and needed an additional 90 to 180 days to prepare for

trial. Doc. 12-3, at 95-97 (Resp. Ex. S, at 5-7). The trial court informed Petitioner that his simultaneous request to proceed in *propria persona* and for an extension of time weighed against granting Petitioner's request to represent himself. Doc. 12-3, at 97 (Resp. Ex. S, at 7). The court also informed Petitioner that he would have to submit his request for a continuance to the continuance panel. *Id.* Petitioner stated that he would not be ready to proceed on July 20, 2004 by himself. Doc. 12-3, at 99 (Resp. Ex. S, at 9). Petitioner agreed to the trial court's proposal of substituting counsel. Doc. 12-3, at 101 (Resp. Ex. S, at 11). The trial court denied Petitioner's motion without prejudice, withdrew the Office of the Public Defender from further representation of Petitioner, and appointed the Office of the Legal Defender. Doc. 12-3, at 105-06 (Resp. Ex. S, at 15-16). The court emphasized that Petitioner retained the right to represent himself and could "decide to try and exercise that [right] at a later time." Doc. 12-3, at 105 (Resp. Ex. S, at 15).

Judge Anderson concluded that Petitioner has not shown that the state court's decision was contrary to, or an unreasonable application of, federal law, nor that it was based on an unreasonable determination of the facts. Doc. 16, at 12. In reaching this conclusion, Judge Anderson noted that the trial court had advised Petitioner of the responsibilities and disadvantages of self-representation during the *Faretta* hearing. Doc. 16, at 12. Petitioner agreed to the trial court's proposal for substitute counsel. *Id.* Petitioner did not renew his request to represent himself, even though the trial court had advised him that he could do so at any time. *Id.*

Petitioner argues that the state court's decision was unreasonable for two reasons: (1) the state court did not grant Petitioner's request for a continuance, and (2) Petitioner's request to proceed in *propria persona* was timely and unequivocal. Neither of these arguments is persuasive. Petitioner claims that "[t]he state trial court tacitly forced an unconstitutional dilemma on Petitioner" to choose between his right to conduct his own self-defense and going forward with trial unprepared in just eleven days. Doc. 22, at 5.

He argues that the state court should have granted a continuance of the trial pursuant to Ariz. R. Crim. P. 8.5(b) to allow him to conduct basic discovery. Doc. 22, at 7. Rule 8.5(b) reads: "A continuance of any trial date shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Petitioner does not make a showing of extraordinary circumstances, but merely states that his request for a continuance was "reasonable" because he had informed the trial court that he had not seen a copy of the police reports or received basic discovery. Doc. 22, at 7. Petitioner argues that the trial court was unwilling to grant a continuance despite having already continued the trial date twice "with much less fanfare and on much less notice from Petitioner's counsel." Doc. 22, at 8. At the time of these proceedings, trial judges in Maricopa County Superior Court did not rule on requests for continuances in cases assigned for trial. Doc. 12, at 12, n.3. The trial court informed Petitioner that such requests must be submitted to the continuance panel. *Id.*

Petitioner argues that his request to waive counsel was made at least twenty days prior to the start of trial on July 20, 2004, and that the Judge Anderson "incorrectly concluded that 'Petitioner's request to represent himself was not unequivocal when he simultaneously requested advisory counsel, a continuance of the trial date, and conceded that he was not prepared to proceed on the trial date.'" Doc. 22, at 9 (quoting Doc. 16, at 12:23-26). Judge Anderson determined that Petitioner's request to represent himself was not unequivocal because it was conditioned on a continuance and appointment of advisory counsel. Doc. 16, at 12. Moreover, Petitioner subsequently agreed to a substitution of new counsel, and there is no evidence in the record that Petitioner renewed his request to represent himself, despite being informed that he could do so. *See Stenson*, 504 F.3d at 882. The Court accepts Judge Anderson's conclusion that Petitioner's right to self-representation was not violated.

### B.     Ineffective Assistance of Counsel.

In Grounds Four, Five, and Seven, Petitioner argues that he was denied effective

assistance of counsel due to his counsel's failure to advocate on Petitioner's behalf at sentencing, failure to conduct a reasonable pretrial investigation, and failure to properly advise Petitioner regarding the merits of a plea offer. Petitioner objects to Judge Anderson's conclusion that these claims lack merit. Doc. 22.

*Strickland* provides the standard for evaluating ineffective assistance of counsel claims: the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### 1. Sentencing.

Plaintiff argues in Ground Four that trial counsel was ineffective in failing to present mitigating evidence at sentencing and in failing to object to certain statements made by the prosecutor, specifically a message from the victims' son. Doc. 3, at 15. The Ninth Circuit ruled that *Strickland* does not delineate clearly established federal law for noncapital sentencing proceedings, thus precluding habeas relief for claims of ineffective assistance of counsel at this sentencing. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005); *Strickland*, 466 U.S. at 686 ("We need not consider the role of counsel in an ordinary sentencing, which may involve informal proceedings and standardless discretion in the sentence, and hence may require a different approach to the definition of constitutionally effective assistance."). "Where the Supreme Court has not addressed an issue in its holding, a state court adjudication of the issue not addressed by the Supreme Court cannot be contrary to, or an unreasonable application of, clearly established law." *Stenson v. Lambert*, 504 F.3d 873, 881 (9th Cir. 2007). Accordingly,

the Court will accept Judge Anderson's recommendation on Ground Four.

### 2. Pretrial Investigation.

Plaintiff argues in Ground Five that trial counsel was ineffective in failing to conduct a reasonable pretrial investigation. Doc. 3, at 19. Plaintiff objects that Judge Anderson misconstrued his claim as one "questioning the 'soundness' of his counsel's representation," when Petitioner's claim in fact was "trial counsel's failure to conduct an investigation in the first place . . . ." Doc. 22, at 15. *Strickland* acknowledges counsel's duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

Petitioner contends that Judge Anderson erred in his finding that the state court did not make an unreasonable determination of the facts because the state court failed to make any factual findings at all. Doc. 22, at 13. This is not the case. Petitioner's defense strategy was that of mere presence and actual innocence. Doc. 22, at 15. The evidence presented at trial indicated that Petitioner was found in the victims' home when police arrived and that he struggled when arrested. Doc. 12-4, at 48-49 (Resp. Ex. U, at 34-35). At the time of arrest, Petitioner did not claim (as he later did) that he was merely present in the house because he was looking for a man named Danny Miller. *Id.* Police officers found a Leatherman's tool on Petitioner's person. A light bulb had been removed from the motion sensor over the back door, there were pry marks on the back window, there was a gym bag containing a purse and a jewelry box on the ground outside the patio door, and a flashlight lay near the door to the master bedroom. Doc. 12-4, at 40-42, 50-51 (Resp. Ex. U, at 25-27, 35-36). Police did not find anyone else in the backyard, alley, or house. Doc. 12-4, at 40-41 (Resp. Ex. U, at 25-26).

Petitioner presented his theory of defense at trial, claiming that Danny Miller died

before trial and therefore was unavailable to testify. Doc. 12-4, at 5. Based on this evidence, counsel's strategic decision not to investigate the whereabouts of Danny Miller was not ineffective assistance. Defense counsel testified on post-conviction review that Petitioner's "story was simply beyond belief." Doc. 12-3, at 29 (Resp. Ex. N, at 28).

Petitioner argues that counsel was ineffective for failing to investigate the discrepancies between the description of the intruder given by the victims' son to the 911 operator and Petitioner's appearance. Doc. 3, at 20. The record indicates, however, that such discrepancies can be explained by the son's brief opportunity to observe the intruder in the dark. Doc. 12-5, at 144-146 (Resp. Ex. W, at 143-145). Petitioner also argues that counsel was ineffective for failing to investigate latent fingerprints. Doc. 3, at 22. The fingerprints that police were able to recover from the file cabinets at the crime scene were exculpatory because they were not Petitioner's. Doc. 12-4, at 63-64 (Resp. Ex. U, at 47-48); Doc. 12-6, at 22 (Resp. Ex. U, at 20). Petitioner has not shown, however, that additional investigation of latent fingerprints would benefit his defense, or that he was prejudiced by counsel's failure to investigate latent fingerprints when the evidence presented at trial was exculpatory. Doc. 16, at 29.

Based on these facts, the Court cannot conclude that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Nor can the Court conclude that different actions by trial counsel likely would have resulted in a different outcome at trial. *Id.* The Court will adopt Judge Anderson's recommendation on Ground Five.

### 3. Plea Offer.

In Ground Seven, Plaintiff argues that counsel was ineffective for failing to properly advise him of a plea offer and failing to adequately inform him of the risks of going to trial and his sentencing exposure. Doc. 3, at 33. The Supreme Court has held that *Strickland*'s two-part test for evaluating claims of ineffective assistance of counsel applies in the context of plea bargaining. *Hill v. Lockhart*, 474 U.S. 52 (1985).

Petitioner objects that "the record is barren of any indication that his trial counsel fully, effectively and competently communicated the 10-13 year plea offer discussed for the first time with Petitioner as well as the trial court on December 8, 2004, during a colloquy with the court following a mistrial in this case." Doc. 22, at 17. The state court conducted a post-conviction evidentiary hearing on this claim. Doc. 12-2, at 7. Trial counsel testified that Petitioner rejected the 10-13 year plea offer after informing counsel that he had given a free-talk in a murder case that the State could not prove without his testimony and that he thought the State would extend a better offer. Doc. 12-3, at 29, 38 (Resp. Ex. N, at 28, 37). Petitioner asked his counsel about the difference between the first plea offer of 7 years imprisonment and the second plea offer of 10-13 years imprisonment. Doc. 12-3, at 37-38 (Resp. Ex. N, at 36-37). Plaintiff's counsel also testified that he had informed Petitioner about the potential impact of his 20-plus prior felony convictions on the sentencing range. Doc. 12-3, at 28 (Resp. Ex. N, at 27). Based on this testimony, the state court found that Petitioner had not met his burden of establishing ineffective assistance of counsel. Doc. 12-3, at 48-49 (Resp. Ex. N., at 47-48).

The Court must defer to the state court's factual findings and presume they are correct. 28 U.S.C. § 2254(e)(1). The state court record establishes that Petitioner was aware of the plea offers and that he rejected them because he thought the sentences were too long and believed he would be acquitted. Doc. 16, at 38. Petitioner has not met his burden of establishing that the state court's finding was based on an unreasonable determination of the facts or was contrary to, or an unreasonable application of, clearly established federal law. The Court will adopt Judge Anderson's recommendation on Ground Seven.

### C.     Evidentiary Hearing, COA, and Appeal *In Forma Pauperis*.

Petitioner asks this Court to conduct an evidentiary hearing on the claims raised in his objection to Judge Anderson's R&R. Doc. 22, at 22. In habeas proceedings, an

evidentiary hearing is required when the petitioner's allegations, if proven, would establish the right to relief. *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). "[A]n evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." *Id.* (emphasis in original). Petitioner's objections can be resolved by looking to the state court record in this case. The Court will therefore deny Petitioner's request for an evidentiary hearing. The R&R also recommended denying a COA and leave to appeal *in forma pauperis* because "Petitioner has not made a substantial showing of the denial of a constitutional right." Doc. 16, at 42. Petitioner has failed to establish that a COA and leave to appeal *in forma pauperis* are warranted, and the Court therefore adopts these recommendations. The Court also concludes that Petitioner has been sufficiently able to set forth his arguments, and that appointment of counsel is not warranted.

**IT IS ORDERED:**

1. The factual findings and conclusions in Judge Anderson's R&R (Doc. 16) are **accepted**.

2. Charles Anthony McDonald's petition for writ of habeas corpus (Doc. 3) is **denied**.

3. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** as stated above.

Dated this 13th day of December, 2011.

David G. Campbell
United States District Judge